JUSTICE RICE,
concurring.
¶60 I concur with Issues 1 and 2. I also concur with the Court’s ultimate determination under Issue 3 to affirm the District Court, but for different reasons. I strongly believe the District Court erred in the procedure it undertook to review the challenge to the plat, and that this Court should not condone it, as it upends the environmental assessment (EA) process-disrupting the right of agencies which use EAs to rely on them and the deference we are to accord the administrative process. I thus concur with Aspen Trail’s argument in this regard. I begin with a discussion of general administrative law governing this issue, and conclude with this Court’s jurisprudence.
¶61 In the seminal case of Citizens to Preserve Overton Park, Inc. v. Volpe, the United States Supreme Court held that a trial court’s review of an administrative agency “is to be based on the full administrative record that was before the Secretary at the time he made his decision.” 401 U.S. 402, 419-20, 91 S. Ct. 814, 825 (1971), overruled on unrelated grounds, Califano v. Sanders, 430 U.S. 99, 105, 97 S. Ct. 980, 984 (1977). Because review is to be limited to the administrative record, the Court reversed the decisions of the lower circuit and district courts for relying on “litigation affidavits” presented by the petitioners in the district court. The Supreme Court termed such evidence “post hoc rationalizations” not part of the record serving as “the basis for review required by [the Administrative Procedure Act].” Overton Park, 401 U.S. at 419, 91 S. Ct. at 825 (citations omitted). The Court acknowledged that lower courts may “require the administrative officials who participated in the decision to give testimony explaining their action,” but cautioned that “such inquiry into the mental processes of administrative decisionmakers is usually to be avoided,” and certainly so “where there are administrative findings.” Overton Park, 401 U.S. at 420, 91 S. Ct. at 825 (citations omitted).
¶62 In Camp v. Pitts, the Supreme Court again confronted a challenge to an agency’s decision by use of extra-administrative record evidence. 411 U.S. 138, 93 S. Ct. 1241 (1973). In applying the ‘arbitrary, capricious or unlawful’ standard of review, the Camp Court unanimously held that “the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.” Further, the Court explained that, in the event the administrative record was so incomplete “as to frustrate effective judicial review, the remedy was not to hold a de novo hearing but, as contemplated by Overton Park, to obtain from the agency, *62 either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary.” Camp, 411 U.S. at 142-43, 93 S. Ct. at 1244. In Fla. Power & Light Co. v. Lorion, the Court also held that “if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.” 470 U.S. 729, 744, 105 S. Ct. 1598, 1607 (1985) (emphasis added).
¶63 The rules established in Overton Park, Camp and Lorion are recognized and well-understood by federal circuit and district courts, far too many to list here. See e.g. Sierra Club v. U.S. Army Corps of Engrs., 772 F.2d 1043, 1052-56 (2nd Cir. 1985); Cotton Petroleum Corp. v. U.S. Dept. of Int., Bureau of Indian Affairs, 870 F.2d 1515, 1527-29 (10th Cir. 1989). Relying on Overton Park and Camp, the Ninth Circuit Court of Appeals has held that the ‘predominant rule’ is that “agency action must be examined by scrutinizing the administrative record at the time the agency made its decision.” Asarco, Inc. v. EPA, 616 F.2d 1153, 1159 (9th Cir. 1980). Although Asarco-relied upon by this Court in Skyline Sportsmen’s Assn. v. Bd. of Land Commrs., 286 Mont. 108, 113, 951 P.2d 29, 32 (1997), discussed below — recognized that the trial court could review relevant evidence outside the administrative record in narrow circumstances, Asarco, 616 F.2d at 1160, it actually reversed the district court’s decision to hear and consider extra-record evidence in that case as inappropriate. Asarco, 616 F.2d at 1161, 1163.
¶64 The Ninth Circuit has steadfastly applied Overton Park and Camp to hold “that courts reviewing an agency decision are limited to the administrative record,” Lands Council v. Powell, 395 F.3d 1019, 1029 (9th Cir. 2005) (citing Fla. Power & Light Co., 470 U.S. at 743-44, 105 S. Ct. at 1606-07), while also narrowing the exceptions for trial courts to admit extra-record evidence. The Lands Council Court stated that “if an Agency’s administrative record is incomplete, we would expect litigants to seek to supplement the record in the agency ....” Lands Council, 395 F.3d at 1030 n. 10. The court noted the exceptions, which permitted district courts to admit extra-record evidence, were to be “narrowly construed and applied.” Lands Council, 395 F.3d at 1030 (collecting cases); see Voyageurs Natl. Park Assn. v. Norton, 381 F.3d 759, 766 (8th Cir. 2004) (“[t]hese exceptions apply only under extraordinary circumstances;” emphasis added). Lands Council explained that:
The scope of these exceptions permitted by our precedent is constrained, so that the exception does not undermine the general *63 rule. Were the [courts] routinely or liberally to admit new evidence when reviewing agency decisions, it would be obvious that the [courts] would be proceeding, in effect, de novo rather than with the proper deference to agency processes, expertise, and decision-making.
Lands Council, 395 F.3d at 1030.
¶65 While the above cases were applying the Administrative Procedure Act, 5 U.S.C. § 701 et seq., the logic of this approach is persuasive and has been mirrored in our own jurisprudence, both in Montana Administrative Procedure Act (MAPA) and non-MAPA cases. Under MAPA, administrative agency review is statutorily limited to the record. Section 2-4-704(1), MCA (2007) (“The review must be conducted by the court without a jury and must be confined to the record.”). In Clark Fork Coalition v. Mont. Dept. of Envtl. Quality, we explained that our standards of review of agency decisions were “generally narrow,” and that trial courts, pursuant to the statute, will “carefully reviewf] the record and satisfyG themselves that the agency has made a reasoned decision.” 2008 MT 407, ¶ 21, 347 Mont. 197, 197 P.3d 482 (quoting Friends of the Wild Swan v. DNRC, 2000 MT 209, ¶ 28, 301 Mont. 1, 6 P.3d 972; Marsh v. Or. Nat. Resources Council, 490 U.S. 360, 378, 109 S. Ct. 1851, 1861 (1989); emphasis added). Citing to Koch on Administrative Law and Practice, we held that trial courts must “examineG the elements of the decision without interfering with the administrative authority over the decision itself.” Clark Fork, ¶ 47 (citing Charles H. Koch, Jr., Administrative Law and Practice vol. 3, § 10.5, 39-40 (2d ed., West 1997)).
¶66 We looked to MAPA principles for non-MAPA cases, like the case before us today, when we reviewed the Flathead County Planning Board’s decision in North 93 Neighbors, Inc. v. Bd. of Co. Commrs. of Flathead Co., 2006 MT 132, 332 Mont. 327, 137 P.3d 557. In North Fork Preservation Assn. v. Dept. of State Lands, we examined the standards of review for administrative agency decisions not subject to MAPA, and adopted the following standard: “whether the record establishes that the agency acted arbitrarily, capriciously, or unlawfully.” 238 Mont. 451, 456-59, 778 P.2d 862, 865-67 (1989) (emphasis added). We cited our decision in Langen v. Badlands Coop. State Grazing Dist., in which we held that “[t]he appeal from the commission to the district court is for the purpose merely of determining whether upon the evidence and the law the action of the commission is based upon an error of law, or is wholly unsupported by the evidence, or clearly arbitrary or capricious.” North Fork, 238 Mont. *64 at 457, 778 P.2d at 866 (citing Langen, 125 Mont. 302, 308, 234 P.2d 467, 470 (1951)). We explained that we look to the administrative record to review an agency’s decision to honor the discretion given to the boards and commissions of this State, as authorized by the legislature. North Fork, 238 Mont, at 457, 778 P.2d at 866 (citing Langen, 125 Mont. at 308, 234 P.2d at 470). We did so in Kiely Constr., L.L.C. v. City of Red Lodge, affirming the district court’s decision to exclude the City Council meeting minutes, as well as the testimony from the individual council members to explain their reasons for denying the preliminary subdivision plat application. 2002 MT 241, ¶¶ 96-97, 312 Mont. 52, 57 P.3d 836. We reasoned that the evidence was properly excluded because it “would constitute ‘post-decision’ statements, which were not properly part of the record.” Kiely, ¶ 97 (emphasis added); see also Citizens for Responsible Dev. v. Bd. of Co. Commrs. of Sanders Co., 2009 MT 182, ¶¶ 26-27, 351 Mont. 40, 208 P.3d 876 (reversing the district court’s decision approving a preliminary plat based upon a review of the record).[1]
¶67 The judicial function of reviewing administrative decisions by record review is tied to the limited scope of the ‘arbitrary, capricious or unlawful’ standard of review. This standard “communicates the least judicial role, short of unreviewability,” and suggests a “restrained critical mood or a high tolerance for the risk of error.” Charles H. Koch, Jr., Administrative Law and Practice vol. 3, § 10.4[1], 29 (2d ed., West 1997) (emphasis in original). Thus, “[ejxcept in a de novo review proceeding in which the court may take new testimony, review of agency action is limited to the record compiled by the agency.” Stein, Mitchell & Mezines, Administrative Law vol. 5, § 43.02[7], 43-103 *65 (LexisNexis 2007).
¶68 The District Court’s approach was an unfortunate departure from these bedrock principles. The danger in this approach is that it rewards gamesmanship in the administrative process, here of subdivision plat approval. Landowners succeeded in ambushing Aspen Trails and the Commission by the use of extra-record evidence. Rather than participating in the agency process and providing their concerns about surface and water pollution information to the Commission, Landowners opted to wait and fault the Commission before the District Court with extra-record evidence. Landowners’ new expert testified in the District Court, offering information not presented to the Commission. The record demonstrates that the de novo hearing before the District Court was a battle of new scientific testimony over the adequacy and appropriateness of the EA. The District Court relied heavily on the testimony of the Landowners’ expert to evaluate the Commission’s decision, stating “Plaintiffs expert Chris Cerquone has a master of science degree in environmental studies!;] [h]e suggested monitoring wells throughout the property .... Cerquone felt that groundwater depth and flow information is critical to understand the potential impacts to groundwater and potential groundwater contamination of Prickly Pear Creek.” Or. at 5-6. The District Court’s approach allowed itself, and ultimately this Court, to be asked to act as scientific experts, judging and weighing the credibility and accuracy of new competing scientific testimony regarding the environmental impacts of subdivision plat construction. See Lands Council, 537 F.3d at 988. That is not the proper role for the District Court, or this Court.
¶69 The Court quietly approves the District Court’s approach by citation to Skyline, a decision which failed to critically analyze the issue as well as it should have. As noted above, the Asarco case in which it relied was narrowly written, and the result in that case was a reversal of the district court’s taking of new evidence. Asarco, 616 F.2d at 1161, 1163. Indeed, the commentaries treat Skyline as the exception to the general rule. See 2 Am. Jur. 2d Administrative Law § 545 n. 12 (2004); 73A C.J.S. Public Administrative Law and Procedure § 346 n. 6 (noting only Skyline as authority for taking new evidence when reviewing under an arbitrary, capricious or unlawful standard). I agree with Judge Buyske’s comments in Skyline that “the path the majority chose to take ... runs too broadly through a factual analysis and invites future litigants to view district court proceedings as a means to do what should have been done at the administrative agency level-develop the record.” Skyline, 286 Mont. at 116-17, 951 *66 P.2d at 34 (Buyske, J., dissenting).
¶70 I believe the District Court reached the correct conclusion, but believe the conclusion could have been well-reached by properly reviewing the administrative record. Because I agree that the Commission failed to consider the environmental impacts related to surface pollution and possible groundwater contamination, in violation of statutory requirements, I concur with the Court and would affirm.

 If there can be any lingering doubt about the wisdom or correctness of the rule, commentators are unanimous in stating the general principle that “a court can engage injudicial review of an agency action based only on consideration of the record amassed at the agency” as a sound principle of administrative law. Richard J. Pierce, Jr., Administrative Law Treatise vol. II, § 11.6,1047-54 (Wolters Kluwer Law & Business 2010); see 73A C.J.S. Public Administrative Law and Procedure § 346 (2004) (recognizing that “a court reviewing administrative action is limited to the record”). Koch, whom we cited for authority in Clark Fork, ¶ 47, states: “[i]t is black letter law that, except in the rare case, review in [the trial court] must be based on the record before the agency and hence a reviewing court may not go outside the administrative record.” Charles H. Koch, Jr., Administrative Law and Practice vol. 2, § 8.27, 509 (2d ed., West 1997) (collecting cases); see Charles H. Koch, Jr., Administrative Law and Practice vol. 3, § 10.4[2], 35-36 (2d ed., West 1997) (“the court scrutinizes that body of information before the agency at the time it made the decision [and] Courts are not permitted to consider evidence outside that ‘record;’” collecting cases); see also 2 Am. Jur. 2d Administrative Law § 545 (2004) (“judicial review of an administrative agency decision is limited to the administrative record [and the] court is restricted to the record made before the administrative agency ...;” collecting cases).